FILED

2011 Jan-05  AM 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

KENNETH R. SMITH,

    PLAINTIFF,

v.                                                  CASE NO.: CV-10-J-432-S

CHARLES BOLDEN, ADMINISTRATOR,
NATIONAL AERONAUTICS AND
SPACE ADMINISTRATION, et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

Pending before the court is the defendants' motion for summary judgment (doc.

12), evidence and memorandum in support of their motion (docs. 13 and 14), to

which the plaintiff has failed to respond.[1]  Having considered the pleadings, evidence

and memoranda of the parties, the court finds as follows:

### I.  Factual Background

The plaintiff was employed by the National Aeronautics and Space

Administration ("NASA") at the Marshall Space Flight Center, beginning in 1982,

as a budget analyst/contract specialist.  Plaintiff depo. at 14, 15.  He worked there

---

[1] The defendants' motion for summary judgment was filed December 1, 2010 (doc. 12). Pursuant to Exhibit A to the Scheduling Order entered August 4, 2010, the plaintiff was allowed until December 22, 2010, to file a response to the motion.  To date, no such response has been received.

until his termination in 2007. *Id*. According to the plaintiff, he and four other black males were all terminated based on race discrimination, sex discrimination, and in retaliation for prior protected activity.[2]  Plaintiff depo. at 28, 31.

The plaintiff complains that he did not get promoted in 2000 or 2001 because his team lead, Valerie Holmes, was related to people who owned property near where the plaintiff owned property and her family was trying to buy or otherwise get his property.  Plaintiff depo. at 26-27, 34.   The plaintiff took this complaint to the EEO in 2001.  *Id*., at 34-35.   However, he further explained that this complaint was because white employees who were hired fifteen years after he was were given their own grant officer so no one else had to approve their work, while his had to go through his team lead.  *Id*., at 35, 95.  The plaintiff clarified this by stating he was actually complaining because he was suspended for thirty days for allegedly referring to a co-employee as "deaf and dumb" after being told to speak so this employee could read his lips. *Id*., at 36.

---

[2]The plaintiff brought this action *pro se.*  Although he has sued on behalf of himself and four other similarly situated individuals, the court considers only the plaintiff's claims which are personal to him.  Because the plaintiff is not a licensed attorney, he may not proceed in this action on anyone's behalf other than his own. While 28 U.S.C. § 1654 permits an unlicensed layman to represent himself, that privilege has been consistently interpreted to not extend to an non-attorney's representation of others.  *See e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir.1991); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir.1966); *Miller v. Tampa Police Dept.*, 2010 WL 2854259 * 2 (M.D.Fla. July 21, 2010); *Kendall v. City of Boise*, 2010 WL 3540453 * 6 (D.Idaho August 13, 2010).  Therefore, plaintiff's class action claims will be dismissed.

The plaintiff asserts his termination was racially motivated.  Plaintiff depo. at 51.  When asked the basis for this allegation, the plaintiff replied that, "I wouldn't think it was discrimination had every other person in the group with lighter skin been also fired at the same time." *Id*., at 52.  Prior to his termination, the plaintiff had been placed on a performance improvement plan ("PIP").  *Id*., at 54.  According to the plaintiff, this was because a Boeing contract did not go according to plaintiff and therefore plaintiff was set up to be "the fall guy." *Id*., at 54-55.  When later asked how his termination was racially motivated, the plaintiff added that be was fired because his was a Democrat in the middle of a Republican environment, and that the defendants were ridding themselves of "outspoken whistleblowers." *Id*., at 101, 102.

When specifically asked how his termination was motivated by gender, the plaintiff responded:

> Fair and equal treatment would be the things that happen to you happen to the others, whichever category you have; whether they're handicap; whether they are female; whether they are White, but if those things happen to you – happen to them like it's happening to me, then you still have – you have fair and equal treatment.

> But when you are identified and made to represent what will happen to anyone else in either of those groups, who tried to speak truth or shed light on the problem; then what you have is myself sitting here.

Plaintiff depo. at 83.

The plaintiff further asserted that he was suspended because he questioned the

Boeing lease contract and therefore was accused of being disrespectful, insubordinate, and AWOL.  Plaintiff depo. at 89.  He also claims he was denied pay raises and ultimately terminated in reprisal for his other claims of discrimination. *Id.,* at 92.  He claims he was denied training that younger whites were given, but then clarifies that although he did receive the training, it was too late. *Id.,* at 104.  The plaintiff also states that his female teammates were provided training before he was based on their gender. *Id.,* at 106-108.

The documentary evidence submitted without objection to this court reflects the following facts relevant to the plaintiff's claims:

The plaintiff received a "fails to meet" performance evaluation in five out of six areas for the May 2006 to April 2007 time period.  Defendant exhibit 1, attachment 4.  According to the comments on this evaluation, plaintiff's work was not completed on time or in an acceptable manner, he ignored instructions from superiors, failed to attend weekly meetings and failed to produce travel reports. *Id*.  As a result, the plaintiff was placed on a PIP beginning June 29, 2007.  Defendant exhibit 1, attachment 5.  Pursuant to that plan, the plaintiff was informed that unless his performance improved within the next 60 days, he could be reassigned, reduced in grade, or terminated. *Id*.  He was given specific, detailed requirements to meet. Defendant exhibit 1, attachments 5 and 6.  Through a series of emails, the plaintiff

was repeatedly asked to provide travel information throughout the PIP period and continuing thereafter. *Id*. September 12, 2007, and September 19, 2007, emails state that the plaintiff did not meet these requirements and the emails would be used to document the plaintiff's performance. *Id*.

On September 20, 2007, the plaintiff was informed that he failed to meet the PIP objectives. Defendant exhibit 1, attachment 2. According to the EEO Counselor's report, the plaintiff was given a Notice of Adverse Action, denied access to his computer and escorted from the defendants' premises that same date. Defendant exhibit 1. At that time, the plaintiff asserted these actions were in retaliation for his prior EEO activity. *Id*.

Because informal counseling failed to resolve plaintiff's complaints, he was informed of his right to file a formal complaint. Defendant exhibit 1, attachment 9. Numerous attempts at delivering this notification of his rights to the plaintiff failed. Defendant exhibit 2. However, plaintiff did file a formal complaint on May 8, 2008. Defendant exhibit 3. In that complaint, the plaintiff listed age, race, sex and retaliation as reasons why he believed he was subjected to discrimination. *Id*. In that form, the plaintiff asserts that the law prohibits discrimination against employees who "blow the whistle" on management and that he was subjected to continuous harassment and discrimination. *Id*. Attached to this complaint was an EEO

counselor's report from a 2002 complaint alleging harassment and retaliation.

A Final Agency Decision, dated July 24, 2008, notes that the plaintiff was given an unsatisfactory final evaluation on September 20, 2007, issued a Notice of Adverse Action that date and escorted from the premises, then terminated effective October 23, 2007. Defendant exhibit 4. That decision stated the plaintiff's claim was dismissed as untimely filed, after noting the eight attempts made to deliver plaintiff's Notice of Right to File. *Id*. That decision further set forth the time limits for filing an appeal of that decision. *Id.*

The plaintiff appealed to the Merit Systems Protection Board ("MSPB") on September 5, 2008. Defendant exhibit 5. The MSPB's October 9, 2008, decision explained that although plaintiff's appeal was timely filed with it, they deferred to a final agency decision finding a complaint untimely filed when that decision was not appealed to the EEOC, and to a final EEOC decision finding a complaint untimely filed. *Id*. The MSPB noted because the plaintiff was not properly advised of his right to appeal to the EEOC, the plaintiff needed to be given the opportunity to do so, and hence dismissed his appeal to the MSPB without prejudice to allow the plaintiff to pursue an appeal to the EEOC. *Id.*

The plaintiff thereafter filed an appeal to the EEOC dated November 7, 2008. Defendant exhibit 6. By decision dated March 24, 2009, the EEOC stated that the

agency final decision dismissing the plaintiff's complaint for untimely filing was

affirmed, as the plaintiff had offered no justification which would warrant an

extension of the time limit for filing the complaint.   Defendant exhibit 7.   That

decision specifically set forth that the plaintiff had ninety (90) calendar days to file

a civil action in a United States District Court.  *Id*.  This action was then filed March

1, 2010.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of

material fact, leaving final judgment to be decided as a matter of law. *See* Federal

Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475

U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  An issue is material if it is a legal

element of the claim under the applicable substantive law which might affect the

outcome of the case.  It is genuine if the record taken as a whole could lead a rational

trier of fact to find for the nonmoving party.  *Allen v. Tyson Foods, Inc*., 121 F.3d

642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the

light most favorable to the non-moving party, with any doubt resolved in the

nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct.

1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the

non-moving party to come forward with evidence to establish each element essential

to that party's case sufficient to sustain a jury verdict.  *See Celotex Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp*., 907

F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not

rest upon mere allegations or denials of his pleadings, but must set forth specific facts

showing that there is a genuine issue for trial.  *Eberhardt v. Waters*, 901 F.2d 1578,

1580 (11th Cir.1990).  In addition, the non-moving party's evidence on rebuttal must

be significantly probative and not based on mere assertion or be merely colorable.

*See* Rule 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50, 106 S.Ct.

2505, 2511 (1986).  Speculation does not create a genuine issue of fact.  *Cordoba v.

Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir.2005).

### III.  LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff

and may not make credibility determinations nor weigh the parties' evidence.

*Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001);

*Stewart v. Booker T. Washington Insurance*., 232 F.3d 844, 848 (11th Cir.2000).  The

court also keeps in mind plaintiff's *pro se* status and accordingly holds his pleadings

to a less stringent standard. *See Hopkins v. Saint Lucie County School Bd.,* 2010 WL

3995824 (11th Cir. Oct. 13, 2010); citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

The defendant asserts the plaintiff's claims are time barred, as this case was filed on March 1, 2010, which is almost a year after the plaintiff received his right to sue letter from the EEOC. Pursuant to 42 U.S.C. § 2000e-16(c), the plaintiff had 90 days from his receipt of notice of final action by the EEOC to file suit here. A federal employee's failure to adhere to the stated deadlines is a ground for dismissal of his action for failure to state a claim. *Baker v. Peters*, 145 F.Supp.2d 1251, 1255 (M.D. Ala.2000), citing *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir.1986).

While the court finds that this case was quite clearly not filed within 90 days of plaintiff's receipt of the EEOC's notice of right to file suit, the plaintiff did file an action within 90 days of receipt of that notice. In 5:09-CV-1254-CLS, the plaintiff filed an Application under Section 706 of the Civil Rights Act of 1964, requesting appointment of counsel, authority to commence an action without prepayment of fees costs, or securities, on June 22, 2009. However, because of plaintiff's failure to obtain service, the case was dismissed on January 12, 2010. The plaintiff filed a motion to reconsider that dismissal, which was denied by the court on January 29, 2010. No factual basis for that claim was ever made in the form of a complaint in that action. The plaintiff stated only that "[t]he record clearly shows that Marshall Space

Flight Center/NASA discriminated against five black males on the bases of race, sex and reprisal for prior protected legal EEO activity." The plaintiff attached to that action the March 24, 2009, EEOC decision, upholding the agency determination that the plaintiff's filing of his formal complaint on May 9, 2008, was untimely. The plaintiff thereafter filed this action.

The defendants argue this action should not relate back to plaintiff's prior action in order to toll the statute of limitations for purposes of filing a Title VII action. Recognizing that the Eleventh Circuit has held that equitable tolling may apply in a Title VII action, defendants assert that no acceptable basis for equitable tolling is present in the case before the court.

The court has considered these arguments of the defendants and finds them meritorious. Having carefully considered the filings in plaintiff's prior litigation, the court finds no complaint was ever filed. In that action, the plaintiff submitted an Application under Section 706(f) of Civil Rights Act of 1964 in the Office of the Clerk of the United States District Court for the Northern District of Alabama applying for authority to commence an action without prepayment of fees, costs, or security. The judge to whom that case was assigned never ordered that the application be treated as a complaint. Rather, the court granted the motion for purposes of allowing the plaintiff to proceed without prepayment of costs in part, and

ordered the plaintiff to pay a reduced filing fee of $50.00.  The court then denied the

plaintiff's request for appointment of counsel, because the counsel to whom the case

was referred certified to the court that despite two attempts to get the plaintiff to

return her call, he failed to do so.[3]

To qualify as a complaint, there must be a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro. 8(a)(2).  Only the

filing of a complaint "commences" a civil action under Rule 3, Fed.R.Civ.Pro. ("A

civil action is commenced by filing a complaint with the court."), even for purposes

of Title VII. *Birge v. Delta Air Lines, Inc.*, 597 F.Supp. 448, 454 (D.C.Ga.1984)

(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80

L.Ed.2d 196 (1984) (per curiam); *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330

---

[3]There is some authority for the proposition that the 90 period is tolled by the constructive filing of a complaint, accompanied by a motion for leave to proceed *in forma pauperis*.  This 90-day period is tolled, however, from the constructive filing of a complaint, accompanied by a motion for leave to proceed IFP, until the IFP motion is ruled upon and the plaintiff has complied with the dictates of the ruling or the time limit set forth in the ruling has expired. *See Madison v. BP Oil Co.,* 928 F.Supp. 1132, 1135 (S.D.Ala.,1996)(citing *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 259 & 260 (10th Cir.) (the ninety-day Title VII filing limitation is extended while the IFP petition pends), cert. denied, 513 U.S. 951, 115 S.Ct. 368, 130 L.Ed.2d 320 (1994); and *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir.1986) (in a social security disability case, the court held that "a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' ... regardless of the untimely payment of the required filing fee")). Giving the plaintiff the benefit of such tolling would not assist him here.  His application in CV 09-CLS-1254-NE was filed on June 22, 2009, the 89th day after receipt of his EEOC notice of right to sue.  That limitations period began to run again on August 24, 2009, when Judge Smith denied the plaintiff's request for appointment of counsel.  Thus, August 25, 2009, would have been the final day of the 90 day limitations period.

(11th Cir.1984)).  Nothing in the prior litigation provided a short and plain statement

of plaintiff's claims sufficient to meet the Rule 8 standard.  The application filed in

CV 09-CLS-1254-NE contained only the vague allegation that defendants

discriminated against "five black males."

Further barring any sort of tolling here are the repeated findings of numerous

courts that a dismissal without prejudice does not create a right to refile after the

expiration of the 90 day limitations period.  *See e.g., Porter v. Beaumont Enterprise

and Journal*, 743 F.2d 269, 273 (11th Cir.1984);  *Weldon v. Electronic Data Systems

Corp.*  138 Fed.Appx. 136, 138, 2005 WL 1051902, 2 (11th Cir.2005); *Bost v. Fed.

Express Corp.*, 372 F.3d 1233, 1242 (11th Cir.2004) (dismissal of a complaint,

without prejudice, does not allow a later complaint to be filed outside the statute of

limitations); *Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir.1993) (filing of

lawsuit later dismissed without prejudice does not automatically toll statute of

limitations).

Even if the court chose to overlook each of these procedural bars to this action,

the plaintiff still cannot prevail on the merits of his case.  No administrative review

of his actual discrimination claims ever occurred, because his formal EEO charge was

untimely filed.  Upon review of that decision, the EEOC found only that the EEO's

finding of untimely filing was correct.  *See* defendant exhibit 7.  Hence, there has

never been administrative review of the merits of the plaintiff's claims.  If the agency

never has the opportunity to reach the merits of the complaint, the federal courts

should not examine the merits either.   "Exhaustion of remedies" includes an

employee's "good faith effort to cooperate with the agency and the EEOC and to

provide all relevant available information." *Wade v. Secretary of the Army*, 796 F.2d

1369, 1377 (11th Cir.1986).   *Johnson v. Bergland*, 614 F.2d 415 (5th Cir.1980)("if

the agency does not reach the merits of the complaint because the complainant fails

to comply with the administrative procedures the Court should not reach the merits

either.   Otherwise, the complainant might be dilatory at the administrative level,

knowing that he can get into federal court anyway.").

For the reasons set forth herein, the court is of the opinion that the defendants'

motion for summary judgment is due to be granted, and the court shall so rule by

separate order.

Even if this case had been timely brought, the plaintiff could not establish

genuine issues of material fact sufficiently to get past the summary judgment stage,

as plaintiff has failed to plead or provide evidence action taken against the plaintiff

because of his race, color, religion, sex or national origin.  See 42 U.S.C. § 2000e-

2(a).  The plaintiff in an employment discrimination lawsuit must show that an

adverse employment action was related to an employer's discriminatory animus

towards the employee based on a protected characteristic. *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11ᵗʰ Cir.1999). Title VII does not encompass every tribulation a worker may experience in the workplace, but instead only proscribes employment discrimination based on race, color, religion, sex, or national origin. *See, e.g.*, *Gilchrist v. Bolger*, 733 F.2d 1551, 1553-54 (11ᵗʰ Cir.1984).

Plaintiff has failed to state a valid Title VII claim because he did not allege any specific discriminatory act that was taken because of his race, color, religion, sex, or national origin. Instead, the plaintiff alleged that his employer discriminated against him because he was a whistleblower, because he was a Democrat, because he had filed prior EEO actions, and because a supervisor's family was trying to get land he owned.[4] Title VII does not protect an employee, federal or otherwise, from

---

[4]Typical of plaintiff's claims, he testified at his deposition that "other little incidents couldn't come under the category of discriminatory, they come under the category of penalty for speaking up." Plaintiff depo. at 109. He then explains that in staff meetings, administrators are

> interested more in penalizing employees on the pornography thing, child pornography. So that seems to be big in the corporate world ....So my emphasis was that I couldn't believe all the effort that was being put into pedophiles, but at the other end I knew that that was the new wave of the day.

> So during the staff meeting I asked my – Pete Allen if in turn there was as much emphasis placed on people at the computer who would access White supremacy groups. He flushed red an got angry. And then he just told me that I should go to EEO for that kind of data.

Plaintiff depo. at 110.

discrimination based on any of the above allegations.

## IV.  CONCLUSION

Having considered the foregoing, and finding that no genuine issues of material

fact exist and that the defendants are entitled to judgment in their favor and against

the plaintiff, the court shall so rule by separate order.

**DONE** and **ORDERED** this the 5th day of January, 2011.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE